## J. M. JONES v. T. M. LEATH.

1—Where the field notes of a survey called for a fixed and marked natural object, and also, in the same call, for the line of another survey, the former is the controlling call; and especially so when the line called for is itself of uncertain locality.

2—In a suit about boundaries, the jury found that the " old league line " was the true line, but did not find which of the three lines in dispute was the " old league line." *Held*, that the verdict was void for uncertainty.

APPEAL from Bell. Tried below before the Hon. A. J. Evans.

The opinion of the court sufficiently discloses the facts.

*McFarland, Saunders & Lowry*, for the appellant.

*A. D. McGinnis*, for the appellee.

MORRILL, C. J.—This is an action of trespass, to try title and to ascertain boundaries.

Wiley Jones obtained a patent for twenty-six labors of land, in the form of a square, each side being 5.099 varas.

Leath claims three hundred and twenty acres, patented to his remote vendor, beginning at a mound of rocks and dirt on the Wiley Jones north line, a live oak marked H bears south 87°, east 19 varas; thence north 19°, east 1267 varas; thence south 72°, east 1425 varas; thence south 19°, west 1267 varas; thence south 71°, west 1425 varas to the beginning.

The defendant claims a tract of land lying between the lands of Jones and Leath, or at least he insists that the land he claims is south of the land of plaintiff, and in that case it would be between the land of plaintiff and that of Jones, or entirely in Jones' tract, provided the patented tracts join.

An order of survey was made by the court, when it was found that starting from the southeast and beginning corner of Jones' survey agreeably to the patent, and running agreeably

to the calls, north 71° west, there being no marked corner at the termination of 5.099 varas, they continued on 5.666 varas, where they found a course thence north 19° west 5262 varas found a corner, thence south 71° east 5.666 varas, thence south 19° east 5262 varas.

It seems, from the report and testimony of the surveyors, that there were three old lines, running eastwardly, and it was doubtful which of these three lines was the real and true north boundary line of Jones' survey. One of the surveyors believed the southern line, the other the middle line, to be the true line, while other witnesses testified that some of the parties claimed the north line.

The jury found that "the old league line" was the true line, but as they did not find which of these three lines is the old league line, the verdict is a nullity for uncertainty.

When the surveyors were ordered to make a survey of plaintiff's land, instead of doing so, they surveyed a tract adjoining it, from the supposition, it is supposed, that this Jones survey necessarily controlled the survey of plaintiff. It is true that plaintiff's petition calls for Jones' line, but it also calls for marked trees and corners equally descriptive and more easily identified. And if it should appear that plaintiff's corners, calling for fixed, known and identified objects, should be inconsistent with what is supposed to be a line of another survey, the former would be the controlling call, and especially where this line is of doubtful location.

As it is impracticable for the court to render a judgment upon the verdict, in order that the orders of the court may be carried into effect, by having the lines of plaintiff's survey established, and such a verdict be found as will enable the court to render a judgment of certainty, the judgment is reversed and remanded.

Reversed and remanded.